**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DATREC, LLC,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| ***v.*** | § | **CASE NO. 7:25-CV-00495-DC-DTG** |
| | § | |
| **ADP, INC.,** | § | |
| | § | |
| ***Defendant,*** | § | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 17)**

**TO: THE HONORABLE DAVID COUNTS,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pending before the Court is the defendant, ADP, Inc's motion to dismiss. Dkt. No. 17. The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED**.

## I. BACKGROUND

The plaintiff, DatRec, LLC, filed this lawsuit accusing the defendant, ADP, Inc, of infringing on the plaintiff's patent—U.S. Patent No. 8,381,309. Dkt. No. 1 at 1. The '309 patent relates to a system for secure communication over a public network. *Id.* ¶ 7. The plaintiff alleges that the defendant maintains, operates, and administers a system and methods for secure

communication over a public network that infringes one or more claims of the '309 patent. *Id.* ¶ 8.

The defendant moves to dismiss the plaintiff's complaint on two independent grounds. Dkt. No. 17 at 1. First, the defendant argues that the plaintiff fails to plausibly allege infringement of any claim of the '309 patent because the accused ADP software does not and cannot perform a defining claim limitation of any claim of the '309 patent. *Id.* Second, the defendant argues the '309 patent is invalid under 35 U.S.C. § 101 because it is directed to an abstract idea implemented using generic computer components. *Id.* The motion is fully briefed, and the Court finds that a hearing is unnecessary. Dkt. Nos. 17, 19, 20

## II. ANALYSIS

The defendant brings its motion under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 17 at 1. When considering a motion to dismiss under Rule 12(b)(6), the Court assumes that the facts alleged in the complaint are true, then asks whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–84 (2009). The Court views all well-pleaded facts in the light most favorable to the plaintiff but disregards bare conclusory allegations. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The plaintiff is not required to prove its case at the pleading stage. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted). This flexible standard requires the plaintiff to provide notice of what it is accusing of infringement. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662.)

**A. Defendant's Motion to Dismiss for Failure to Allege Infringement.**

The defendant contends that the plaintiff fails to plausibly allege infringement of any claim of the '309 patent because the accused ADP software does not and cannot perform a defining claim limitation of any claim of the '309 patent. Dkt. No. 17 at 1. The plaintiff's claim chart, attached to the original complaint as Exhibit B, includes claim 9 as one example of infringement.[1] *See* Dkt. 1-2. The defendant argues that claim 9 requires, among other limitations, "determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals." Dkt. No. 17 at 9; Dkt. No. 1-1. Relying on the prosecution history of the '309 patent, the defendant contends that "correspondence" means "match-based comparison" and because the accused ADP software does not meet this claim limitation, the complaint should be dismissed. Dkt. No. 17 at 9–12. The defendant further contends that the plaintiff's claim chart alleges only sequential role assignment, not correspondence between data, and because the last-write-wins role scheme in the defendant's software operates on a fundamentally different model than claim 9 of the '309 patent, the complaint should be dismissed. *Id.* at 12–14.

The plaintiff responds with two primary arguments. First, it argues that the defendant's motion relies on an improperly narrow construction of the term "correspondence," which is a claim construction dispute. Dkt. 19 at 9-10. Second, it contends that the defendant's motion relies on the defendant's factual characterization of how its product operates, which is improper at the

[1] The defendant will receive more detailed infringement allegations for all asserted claims in the plaintiff's preliminary infringement contentions as required by this Court.

pleading stage. *Id*. at 10. The plaintiff contends that engage in claim construction and factual disputes at the pleading stage is improper and does not warrant dismissal. *Id*. at 9–11.

The undersigned agrees with the plaintiff and declines to resolve the claim construction and factual disputes at the motion to dismiss stage. The undersigned recommends declining the defendant's request to take judicial notes of documents from the '309 patent's prosecution history and denying the defendant's motion. Resolution of disputes regarding construction of claims is not appropriate at the motion to dismiss stage when no claim construction processes have been undertaken. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig*., 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012). The defendant's assertion that its accused software uses a "last-write-wins" model that warrants dismissal is a factual allegation. Considering such facts would require converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). Crediting the defendant's factual allegations would also run contrary to the requirement of viewing the well-pleaded facts in the light most favorable to the plaintiff. The undersigned finds that the plaintiff has pleaded sufficient facts that when taken as true are sufficient at the pleading stage. For these reasons, the undersigned finds that the plaintiff has plausibly alleged infringement of the '309 patent and **RECOMMENDS** that the Court **DENY** this portion of the defendant's motion to dismiss.

**B. Defendant's Motion to Dismiss Under 35 U.S.C. § 101**

The undersigned next addresses the defendant's claims that the '309 patent is invalid under 35 U.S.C. § 101. No. 17 at 1. Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not

patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted). The first step of a § 101 analysis requires the Court to determine whether the claims at issue are directed to a patent-ineligible concept. *Id.* at 217. If they are, then the Court proceeds to the second step, which considers whether the claim elements, individually and as an ordered combination, transform the claim into a patent-eligible application of the concept. *Id.* (internal citations omitted). Patents issued by the United States Patent and Trademark Office enjoy a presumption of validity and eligibility, which must be overcome by clear and convincing evidence. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (citation omitted) (holding that failure to presume that issued patents are valid and patent eligible constitutes error). Courts can resolve patent eligibility at the pleading stage "only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic record and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Even if the undersigned were to determine that the asserted claims are directed to a patent-ineligible concept, plausible factual disputes exist that preclude finding the asserted claims ineligible at step two of the test, given that the case is at the pleading stage.

The defendant argues that claim 9 is representative of all claims. Dkt. No. 17 at 14. The defendant further argues that claim 9 is directed to the abstract idea of verifying an individual's identity by comparing other people's opinions about that individual and controlling interaction based on the result. *Id*. The defendant further argues that there is no inventive concept sufficient to transform the abstract idea into a patent-eligible application. *Id.* at 16-19.

The plaintiff disagrees with each of these points. First, it contends that claim 9 is not representative because other claims add additional structures and functionalities that materially

affect the analysis. Dkt. No. 19 at 11. It further argues that the defendant oversimplifies the claimed invention and ignores the claim language and the technological context. *Id*. at 11-15. Further, the plaintiff contends that the defendant's argument that the claims merely recite "generic computer components" performing routine functions ignores how the claims tie those components together in a specific, non-conventional way to achieve improved security and trust in online communications. *Id.*

Considering the above, the undersigned is persuaded that the proper approach is to address the § 101 analysis with a complete record. *Aeritas, LLC v. Off. Depot, LLC*, No. 6:22-cv-00986-ADA-DTG, 2024 WL 1336487, at *1 (W.D. Tex. Mar. 28, 2024) (citations omitted), report and recommendation adopted, No. W-22-CV-00986-ADA, 2024 WL 1624734 (W.D. Tex. Apr. 15, 2024) (noting that a determination of invalidity under § 101 is rarely appropriate at the pleading stage). A party challenging patent validity has the burden to prove its case with clear and convincing evidence. *Impax Labs., Inc. v. Aventis Pharm., Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008). The undersigned finds that the defendant has not met this heavy burden sufficient to prove the patent invalid based on the pleadings. As noted in the above Rule 12(b)(6) analysis, there are claim construction issues and factual disputes that the parties have raised. Addressing patent eligibility at a later stage of this case, such as at summary judgment, will allow the Court to consider appropriate claim construction issues and factual disputes that will also bear on the § 101 analysis. Therefore, the undersigned **RECOMMENDS** that the Court **DENY** the defendant's this portion of the motion to dismiss.

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that that the defendant, APD, Inc.'s motion to dismiss (Dkt. No. 14) be **DENIED**.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 29th day of June, 2026.



DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE